1

2

3

4

5

6

7

8                     IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10   RUBELO ESTRADA,

11                 Petitioner,                     No. CIV S-11-2783 GGH P

12        vs.

13   MICHAEL BABCOCK, Warden,                      ORDER &

14                 Respondent.                     FINDINGS AND RECOMMENDATIONS

15   _____/

16   Introduction

17              Petitioner, a federal prisoner proceeding pro se, has filed an application for a writ

18   of habeas corpus, purportedly pursuant to 28 U.S.C. § 2241.   By order filed on February 24,

19   2012, the parties were directed to file concurrent briefing addressing the question of whether the

20   savings clause could be applied to allow petitioner to proceed within this court's jurisdiction

21   under § 2241.  Respondent's brief was filed on March 23, 2012.  Petitioner was granted an

22   extension of time to submit his brief and appears to have filed one on March 29, 2012; he sought

23   an additional extension of time, which the court liberally granted, and ultimately filed what

24   appears to be a second response on May 23, 2012.  After careful consideration, the undersigned

25   concludes that this court lacks jurisdiction to proceed in this case.

26   \\\\\

1

1  Petition

2         The court has previously set forth the substance of the pending petition, as

3  follows:

4         Petitioner contends that the instant petition is not a challenge to the
   federal government's evidence [against him].[1]  Petition, p. 2.

5  Petitioner states that he was convicted "under the Controlled
   Substance[s] Act, Title 21 U.S.C. [§]§841(a)(1)[2]

6  (methamphetamine), 846[][3] and 843(b),"[4] in a trial that
   "commenced in 2003" in the District of Idaho and was sentenced

7  to a term of 360 months, pursuant to 21 U.S.C. § 851.[5]  Id., at 3.
   Petitioner claims that the judgment was executed in deprivation of

8  his Fourth, Fifth, Sixth and Tenth Amendment" rights "against the
   backdrop of the Ninth Amendment."  Id.  Petitioner evidently bases

9  this petition on the recent Supreme Court ruling, Bond v. United
   States, ___ U.S.___, 131 Ct. 2355 (2011), wherein the high court

10 found that a petitioner had standing to challenge her indictment
   under a federal criminal statute, 18 U.S.C. § 229, prohibiting

11 possession or use of a chemical weapon on grounds that the statute
   intruded upon powers reserved to the states in violation of the

12 Tenth Amendment.  Petitioner attempts to predicate his challenge
   on an individual right under the Tenth Amendment to challenge the

13 federal statutes as encroaching on state sovereignty.  Id., at 1-50.
   Petitioner indulges in a lengthy version of the history of criminal

14 laws from pre-revolutionary times through the colonial era and the
   history of the Ninth and Tenth Amendments.  Id.  Petitioner argues

15

16     [1] Petitioner specifically entitles his challenge as a claim that "Congress acted beyond its
   power ... violating the Ninth and Tenth Amendments when it delegated to other branches the task

17 legislating Section 846, 841(a)(1)(and associated penalties, 843(b) and 851, despite being non-
   positive law."  Petition, p. 1.

18
       [2] Prohibiting the manufacture, distribution, dispensing or possession of a controlled

19 substance.

20     [3] "Any person who attempts or conspires to commit any offense defined in this
   subchapter shall be subject to the same penalties as those prescribed for the offense, the

21 commission of which was the object of the attempt or conspiracy."

22     [4]  Prohibiting the use of "any communication facility in committing or in causing or
   facilitating the commission of any act or acts constituting a felony under any provision of this

23 subchapter or subchapter II of this chapter.  Each separate use of a communication facility shall
   be a separate offense under this subsection.  For purposes of this subsection, the term

24 'communication facility' means any and all public and private instrumentalities used or useful in
   the transmission of writing, signs, signals, pictures, or sounds of all kinds and includes mail,

25 telephone, wire, radio, and all other means of communication."

26     [5] This provision sets forth "proceedings to establish prior convictions."

that he has Article III standing to challenge the federal statutes under which he was convicted, maintains that the conduct for which he has been convicted is local and should be left to local authorities and that under Idaho law the maximum term of imprisonment to which he would be sentenced "is barely half of his federal sentence." Id., at 29-31.  Petitioner argues that the federal government has overreached in federalizing crimes that have long been state or local crimes.  Id., at 32- 36, citing, inter alia, United States v. Lopez, 514 U.S. 549, 551, 561 n.3. 564, 115 S. Ct. 1624 (1995); Jones v. United States, 529 U.S. 848, 858, 120 S. Ct. 1904 (2000).

Order, filed on 2/24/12, pp. 2-3.

Background

In the response, respondent references the "somewhat convoluted history" of this case but provides no copy of the docket or documents of the underlying criminal case. Respondent's brief, (hereafter, Rsp.), p. 1.  The court herein takes judicial notice of the docket and electronically filed documents of petitioner's underlying Criminal Case No. 1:03-cr-094 in the District of Idaho.[6]  The undersigned finds it helpful to place the instant petition in context by recounting the procedural background of petitioner's case as set forth in the Order, filed in the District of Idaho, on 7/03/08, dismissing petitioner's motion to vacate, set aside or correct the sentence under 28 U.S.C. § 2255.

Estrada was charged in the Indictment (Docket No. 1) in this multi-defendant case with one count of conspiracy to possess with intent to distribute methamphetamine in violation of 21 U.S.C. § 846. The Government subsequently filed an Information Pursuant to Title 21, United States Code, § 851 Regarding Increased Punishment by Reason of Prior Convictions (Docket No. 79 in the criminal case). [Footnote] 3][7] The Government again charged Estrada in the Superseding Indictment (Docket No. 96) with the conspiracy count.  Finally, the Government filed the Second Superseding Indictment (Docket No. 144) charging Estrada with the conspiracy count and an additional ten counts of using a

---

[6] A court may take judicial notice of court records.  See Barron v. Reich, 13 F.3d 1370, 1377 (9th Cir. 1994); MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

[7] Footnote 3 in the text states: "All further docket entries shall refer to the criminal case unless otherwise noted."

telephone in commission of the conspiracy offense in violation of 21 U.S.C. § 843(b). The case proceeded to trial. Prior to the submission of the case to the jury, and at the Government's request, the Court dismissed three of the telephone counts against Estrada. The jury convicted Estrada of all remaining counts. *Minutes* and *Form of Verdict* (Docket Nos. 269 and 270).

Estrada moved for a new trial alleging that the Court had committed structural error by allowing unredacted transcripts of telephone conversations between Estrada and co-Defendants to be given to the jury during its deliberations even though parts of the transcripts had not been read to the jury during trial. *Motion for New Trial* (Docket No. 273). The Court denied the motion. *Order* (Docket No. 303). Estrada then objected to being sentenced pursuant to the United States Sentencing Guidelines ("USSG" or "Guidelines") and to the increase in his statutory maximum from forty (40) years to life pursuant to 21 U.S.C. § 851. *Sentencing Memorandum* (Docket No. 315) and *Supplemental Sentencing Memorandum* (Docket No. 319). Overruling the objections, the Court sentenced Estrada pursuant to 4B1.1, the Career Offender Guideline, to a term of imprisonment of 360 months to be followed by 8 years of supervised release on the conspiracy count and to terms of imprisonment of 96 months to be followed by 4 years of supervised release on each of the telephone counts, all terms to run concurrently. *Judgment* (Docket No. 322).

Estrada timely appealed the denial of his motion for a new trial and the alleged unconstitutional imposition of his sentence. Because, while his appeal was pending, the United States Supreme Court decided *United States v. Booker*, 125 S. Ct. 738 (2005), effectively rendering the United States Sentencing Guidelines advisory, Estrada requested a remand for resentencing. The Ninth Circuit affirmed his conviction but remanded the case pursuant to *Booker* and *United States v. Ameline*, 409 F.3d 1073, 1083 (9th Cir. 2005)(en banc), for the limited purpose of determining whether the Court would have imposed a materially different sentence had the Guidelines been advisory. *United States v. Estrada*, No. 04-30336 (9th Cir. Nov. 18, 2005)(Docket No. 361). On remand, the Court, after considering the parties' resentencing memoranda and original sentencing memoranda, declined to resentence concluding that the sentence would not have been materially different under advisory Guidelines. *Order* (Docket No. 368).

Estrada again timely appealed arguing that the Court failed to provide him with an "appropriate explanation" for denying resentencing. However, the Ninth Circuit affirmed the sentence determining that the sentence comported with the directives of *Ameline* and was reasonable. *United States v. Estrada*, No. 06-30148 (9th Cir. Jan. 10, 2007)(Docket No. 375). Estrada thereafter timely filed the ... § 2255 Motion alleging (1) that his sentence on the conspiracy charge was above the statutory maximum, (2) that

1    his sentence should be re-examined in light to *Rita* and
     *Cunningham,* (3) ineffective assistance of trial counsel, and (4)
2    ineffective assistance of counsel on appeal.

3    Criminal Case No. 1:03-cr-094 (District of Idaho), <u>Memorandum Decision And Order</u>, filed on

4    7/03/08 (docket no. 379), pp. 5-8.

5          As noted, petitioner's § 2255 motion was dismissed in the July 3, 2008, <u>Order</u>,

6    Criminal Case No. 1:03-cr-094 (District of Idaho), referenced immediately above.  Thereafter, on

7    December 2, 2008, the Ninth Circuit denied petitioner's motion for authorization to file a second

8    or successive § 2255 motion, because petitioner had not made "a prima facie showing" of "newly

9    discovered evidence, that if proven and viewed in light of the evidence as a whole would be

10   sufficient to establish by clear and convincing evidence that no reasonable fact finder would have

11   found" that he was "guilty of the offense," nor had he made such a showing as to a previously

12   unavailable "new rule of constitutional law, made retroactive to cases on collateral review by the

13   Supreme Court... ."  <u>Order</u>, No. 08-74571, filed in the Ninth Circuit on 12/02/08.   An identical

14   order was entered by the Ninth Circuit on March 18, 2011.  <u>Order</u>, No. 11-70122, filed in the

15   Ninth Circuit on 3/18/11.[8]

16   <u>Analysis</u>

17         In the order directing concurrent briefing on the jurisdictional issue, the court set

18   forth the following analysis:

19         Generally, a motion pursuant to § 2255 is the appropriate vehicle
           by which to challenge a conviction. <u>Tripati v. Henman</u>, 843 F.2d
20         1160, 1162 (9th Cir.), cert. denied, 488 U.S. 982 (1988), citing,
           inter alia, 28 U.S.C. § 2255.  <u>See also</u>, <u>Lorentsen v. Hood</u>, 223
21         F.3d 950, 953 (9th Cir. 2000) ("[i]n general, § 2255 provides the
           exclusive procedural mechanism by which a federal prisoner may
22         test the legality of detention"), citing <u>United States v. Pirro</u>, 104
           F.3d 297, 299 (9th Cir. 1997) ("holding that, in general, '[a] federal
23         prisoner authorized to seek relief under section 2255 may not
           petition for habeas corpus relief pursuant to section 2241").
24

25       [8] Although respondent refers to these orders as appearing in 1:07-cv-367 (docket nos. 11
     & 12) (Rsp., p. 5), the court has been unable to locate them by that case number, but has found
26   them among the Ninth Circuit's electronic filings.

                                        5

Importantly, the remedies pursuant to § 2255 are not inadequate simply because the claim would be dismissed under § 2255 for procedural reasons. Moore v. Reno, 185 F.3d 1054, 1055 (9th Cir. 1999). Of critical importance here, only a sentencing court has jurisdiction over a § 2255 motion. 28 U.S.C. § 2255; Tripati, 843 F.2d at 1163.[9] If the petition is construed as a motion under § 2255, only the District of Idaho has jurisdiction. If the petition is correctly brought under § 2241 (to attack the execution of sentence as opposed to its legality), the district of incarceration, the Eastern District of California, and not the District of Idaho, is the proper place to bring the action. Hernandez v. Campbell, 204 F.3d 861, 865 (9th Cir. 2000).

The Ninth Circuit has also held that because of the jurisdictional nature of the § 2255 inquiry, "a court must first determine whether a habeas petition is filed pursuant to § 2241 or § 2255 before proceeding to any other issue." Id.

Despite petitioner's protestations, he is attempting to invalidate his conviction, which is initially, at least, a § 2255 matter. The real issue becomes whether the § 2255(e) "savings clause" – "unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention"– could come into play, thereby permitting a § 2241 petition to be filed in its place. If such were permissible, this district, the district where petitioner is incarcerated, would be the proper place to bring the habeas petition.

Applications of the savings clause favorable to a petitioner/movant have been few and far between. "We have held that a motion meets the escape hatch criteria of § 2255 '"when a petitioner (1) makes a claim of actual innocence, and (2) has not had an unobstructed procedural shot at presenting that claim.' Stephens, 464 F.3d at 898 (9th Cir.2006) (internal quotation marks omitted)." Harrison v. Ollison, 519 F.3d 952, 959 (9th Cir. 2008). In Stephens, jury instructions which became arguably errant after a Supreme Court decision were an insufficient basis for an actual innocence claim. In Harrison, a clarifying decision by the Supreme Court, arguably favorable to petitioner in the sense that his conduct would not have implicated a federal crime, decided after petitioner had filed several previous § 2255 motions did not satisfy the procedural impediment hurdle because petitioner could have raised the claim regardless of the decision at issue. But see Alaimalo v.

---

[9] "Because a section 2255 motion may be brought only in the sentencing court, the Arizona district court, under this approach, correctly dismssed for lack of jurisdiction." Tripati, 843 F.2d at 1163. The Seventh Circuit takes issue with the "jurisdictional nature" of the sentencing court having to hear the § 2255 motion. Harris v. Warden, 425 F.3d 386, 388 (7th Cir. 2005). However, the Ninth Circuit has held the matter jurisdictional, and that is the end of the matter for the undersigned.

1    United States, 645 F.3d 1042 (9th Cir. 2011).

2   Order, filed on 2/24/12, pp. 3-4.

3           In his initial responsive brief, petitioner turns back to his historical approach,

4   harking back to the Magna Carta, but unfortunately does not specifically address the

5   jurisdictional basis for the pending petition.  Petitioner's response, filed on 3/29/12.  In his

6   second responsive brief, petitioner, after mirroring respondent's recounting of the procedural

7   background of his case, appears to essentially reiterate his argument within his petition as to the

8   merits of his claim, contending that "the interest of justice" in his case with regard to the

9   imposition of his sentence should "over-ride the jurisdiction argument."  Petitioner's response,

10  filed on May 23, 2012, pp. 1-6.  Petitioner also contends that the argument under Bond did not

11  become available to him until after he filed his § 2255 motion.  Id., at 5.  This court is not at

12  liberty to "override" the jurisdictional question.  Although, as respondent concedes, Bond v.

13  United States, 131 S. Ct. 2355, was decided on June 16, 2011, respondent's argument that

14  petitioner should have been able to raise his Ninth and Tenth Amendment claims in his motion to

15  vacate under § 2255, as no court decision precluded such claims,  Rsp., pp. 5, 7, is not accurate.

16          The Ninth Circuit had long held, prior to the Bond decision, that "[o]nly states

17  have standing to pursue claims alleging violations of the Tenth Amendment by the federal

18  government."  Oregon v. Legal Services Corp, 552 F.3d 965, 972 (9th Cir. 2009).  See also Bond

19  at 2361 citing Nance v. EPA, 645 F.2d 701, 716 (9th Cir. 1981).  Thus, in the Ninth Circuit, as

20  well as several other circuits, petitioner faced a wall of authority precluding his bringing a Tenth

21  Amendment claim.  It can hardly be said that petitioner "had an unobstructed procedural shot" in

22  bringing his Tenth Amendment claim, the first threshold test to determine whether the § 2255

23  savings clause applies.  The question then becomes: is petitioner's claim one of "actual

24  innocence" to qualify for the savings clause.

25          Petitioner has not cited any authority to demonstrate that the federal Controlled

26  Substances Act, Title 21 U.S.C. [§]§841(a)(1), under which he was convicted is unconstitutional.

In fact, as respondent accurately maintains, the Supreme Court has upheld the Act under the Commerce Clause.  Rsp., p. 7, citing Gonzalez v. Raich, 545 U.S. 1, 125 S. Ct. 2195 (2005) (rejecting challenge raised under California Compassionate Use Act to the federal Controlled Substances Act).  Moreover, a claim of legal innocence, such as petitioner makes here, does not equate with a claim of actual innocence.  "'[A]ctual innocence' means factual innocence, not mere legal insufficiency.'"  Bousley v. United States, 523 U.S. 614, 623-24, 118 S. Ct. 1604, 1611 (1998) (citing Sawyer v. Whitley, 505 U.S. 333, 339, 112 S.Ct. 2514, 2518-2519 [] (1992). In Sawyer, the Supreme Court noted that in Smith v. Murray, 477 U.S. 527, 106 S. Ct. 2661 (1986), the High Court had "emphasized that the miscarriage of justice exception is concerned with *actual* as compared to *legal* innocence... ."  Sawyer v. Whitley, 505 U.S. at 339, 112 S. Ct. at 2519 [emphasis added].  While, as respondent concedes, petitioner has Article III and prudential standing, under the Tenth Amendment, to challenge the federal government's right to bring charges against him under the federal Controlled Substances Act, he has no present vehicle for doing so because § 2241 is not available to him to do so.  The claim here can only be viewed in the successive § 2255 context, one for which this non-sentencing court has no jurisdiction.

Accordingly, IT IS ORDERED that the Clerk of the Court make a district judge assignment to this case.

IT IS RECOMMENDED that the petition be dismissed for lack of jurisdiction.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within fourteen days after service of the objections.  The parties are

\\\\

\\\\

advised that failure to file objections within the specified time may waive the right to appeal the

District Courts order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: September 28, 2012

/s/ Gregory G. Hollows<br>UNITED STATES MAGISTRATE JUDGE

GGH:009
estra2783.ofr